Tony P. TENIENTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50727.

Court of Criminal Appeals of Texas.

March 3, 1976.

Peter Torres, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Keith Burris, Don A. Clowe and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary; the punishment is imprisonment for 5 years.

In the appellant's sole ground of error he asserts there is no evidence or there is insufficient evidence to prove that when he entered the habitation he intended to commit the offense of theft. The evidence is uncontroverted that the appellant removed a window air conditioner from a habitation and entered the house through that window. When the police officer arrived at the house to investigate a complaint, he found that the air conditioner had been removed from the window and burglar bars over the window had been "kicked in." After entering the house, the officer found that the drawers in one bedroom had been pulled out, a jewelry box had been overturned, and items were scattered throughout the room. He entered the living room and found the appellant seated on a couch. A screwdriver was found in the appellant's pocket. The complainant testified that he had not given the appellant permission to enter the house. The complainant also testified that when he left for work the air conditioner was in the window, the burglar bars were in place, and the drawers in the bedroom were closed.

The appellant's testimony that he had been given permission to enter the home was a controverted issue which the jury resolved adversely to him. We find the evidence sufficient to show that the appellant entered the habitation with the intent to commit theft.

The appellant included in his argument in his only ground of error the following:

"Further, our new code requires the element of culpability that the act be knowingly and intentionally done in order for an act to constitute an offense (Section 6.02, Texas Penal Code), this was not even alleged in the indictment for which further reason appellant says the conviction herein should be reversed  .  .  ."

The pertinent part of the indictment in this case alleges that:

"On or about the 3rd day of July, A.D., 1974, Tony P. Teniente did then and there, with intent to commit theft, enter

a habitation without the effective consent of Carlos Reyna, the owner."

█ V.T.C.A. Penal Code, Sec. 6.02, provides that a person does not commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence engages in conduct as the definition of the offense requires. The conduct that is the gist of the offense of burglary in this case is the entry into the habitation[1] with the requisite intent. The indictment alleges the culpable mental state with which the appellant entered the habitation; it alleges he entered the habitation "with the intent to commit theft."

The judgment is affirmed.

Opinion approved by the Court.

---

1. V.T.C.A. Penal Code, Sec. 30.02(a)(1), provides:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;"