**Calistro Cruze MARTINEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58030.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 3, 1978.

V. Michael Toomey, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, and Larry Thomas, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

OPINION

ONION, Presiding Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to

the offense of burglary of a building. Punishment was assessed at imprisonment for 15 years.

In his brief filed in the trial court appellant's sole contention is that the indictment under which he was convicted is fundamentally defective because it fails to allege a culpable mental state. See V.T.C.A., Penal Code, Sec. 6.02. The indictment, omitting its formal parts, alleged that appellant, on or about May 11, 1977, did then and there unlawfully "with intent to commit theft, enter a building not then open to the public, owned by Jim Patrick, hereafter styled the Complainant, without the effective consent of the Complainant. . . ." Thus, the indictment alleged a violation of V.T.C.A., Penal Code, Sec. 30.02(a)(1). Appellant argues that, to be sufficient, the indictment should have alleged that he did then and there "unlawfully, *intentionally*, or *knowingly entered* (sic) a building, not then being open to the public and without the effective consent of the owner [and with the intent to commit theft]." (Emphasis in the brief). Among the cases cited in support of this contention are *Davila v. State*, 547 S.W.2d 606 (Tex.Cr.App.1977), and *Ex parte Winton*, 549 S.W.2d 751 (Tex.Cr.App. 1977). Those cases, however, dealt with burglary prosecutions under V.T.C.A., Penal Code, Sec. 30.02(a)(3) and not Sec. 30.-02(a)(1).

Even if *Winton* were applicable in the instant case, it should be observed that, in that case, the indictment totally failed to allege a culpable mental state. The indictment in the present case, however, alleged that appellant entered the building with the intent to commit theft. In *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), a prosecution for burglary of a habitation under Sec. 30.02(a)(1), we stated:

"V.T.C.A. Penal Code, Sec. 6.02, provides that a person does not commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence engages in conduct as the definition of the offense requires. The conduct that is the gist of the offense of burglary in this case is the entry into the habitation [footnote omitted] with the requisite intent. The indictment alleges the culpable mental state with which the appellant entered the habitation; it alleges that he entered the habitation 'with the intent to commit theft.' "

■ Appellant argues, however, that *Teniente* is distinguishable from the instant case. He states that in *Teniente* no motion to quash the indictment was filed, as in the instant case; and, that in *Teniente* the Court did not discuss Art. 21.05, Vernon's Ann.C.C.P., which provides that where a particular intent is a material fact in the description of the offense, it must be stated in the indictment. Although appellant filed a motion to quash in the instant case, it does not appear from the record that the motion was ever brought to the attention of the trial court or that a ruling was ever secured thereon. Consequently, only fundamental defects may be considered on appeal. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). Thus, even if *Teniente* could be read for the proposition that the indictment in that case was not fundamentally defective, appellant's contention must be overruled. Moreover, appellant's reading of *Teniente* is too restrictive. Art. 21.05, supra, provides that where a particular intent is a material fact in the description of the offense, it must be stated in the indictment. The particular intent which is a material fact in a prosecution for burglary under Sec. 30.02(a)(1) is that the entry be made with the intent to commit a felony or theft. The indictment in the present case alleged that the entry was made with the intent to commit theft. As we stated in *Victory v. State*, 547 S.W.2d 1, 4 (Tex.Cr.App.1976):

"*Teniente* stands for the proposition that the allegation of the required particular intent sufficed for the more general culpable mental state as well."

■ Therefore, we hold that the indictment was not subject to a motion to quash on the ground that it failed to allege a culpable mental state. Appellant's contention is without merit and is overruled.

The judgment is affirmed.