**Ex parte Thornton Ray PROPHET.**

**No. 64386.**

Court of Criminal Appeals of Texas,
En Banc.

July 16, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for habeas corpus. Petitioner waived trial by jury and was convicted of attempted aggravated rape on May 26, 1978. Having found that petitioner had been once previously convicted of a felony, the trial court assessed punishment at ninety-nine (99) years' imprisonment.

Petitioner's sole contention is that the indictment under which he was convicted was fundamentally defective because it failed to allege a culpable mental state as required by V.T.C.A., Penal Code, § 6.02, and our decision in *Zachery v. State*, 552 S.W.2d 136 (Tex.Cr.App.1977).

Rape is defined in V.T.C.A., Penal Code, § 21.02, which provides in part:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm;"

Aggravated rape is defined in V.T.C.A., Penal Code, § 21.03:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he:

\* \* \* \* \* \*

"(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

"(b) An offense under this section is a felony of the first degree."

V.T.C.A., Penal Code, § 15.01, defines criminal attempt as follows:

"(a) A., person commits an offense if, *with specific intent to commit an offense*, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

"(b) If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt." (Emphasis added.)

The indictment in this case alleges that on or about December 25, 1976, appellant

"did then and there unlawfully with intent to commit rape, attempt, by force and by threatening the imminent infliction of serious bodily injury and death, to have sexual intercourse with N__ S__ M__, a female not his wife and without her consent."

The indictment then continues with an enhancement paragraph and a second count which was subsequently dropped.

Petitioner contends that the "intent to commit rape" alleged in the indictment does not suffice to allege a culpable mental state. We disagree.

We have held that a culpable mental state must be alleged and proved to support a conviction for attempted rape. *Zachery v. State*, 552 S.W.2d 136 (Tex.Cr.App.1977). In that case the indictment alleged that the defendant " '. . . did then and there unlawfully attempt by force and threats to have sexual intercourse without the consent

of M[__] R[__], a female not his wife and hereafter styled the Complainant, by choking her and beating her with his hands . . . .' "

We have repeatedly held that where the gravamen of an offense is an act coupled with a specific intent, pleading the requisite specific intent is sufficient to allege a culpable mental state. See, e. g., *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), where the gist of burglary was held to be entry into the habitation with the intent to commit theft; *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.1977), where the gist of indecency with a child by sexual contact was held to be the act of touching the child's anus or genitals with the intent to arouse or gratify sexual desire; *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.1978), where the gist of forgery by passing was held to be the act of passing the instrument with intent to defraud or harm another; *Jones v. State*, 579 S.W.2d 240 (Tex.Cr.App. 1979), where the gist of possessing beer for sale in a dry area was held to be the act of possession with the intent to offer it for sale. Unlike *Zachery*, supra, the indictment in this case alleges that the attempt was made with specific intent to commit rape. We hold that this is sufficient to allege a culpable mental state.[1]

■ Although it would be better practice to allege the culpable mental state of the attempted offense, failure to allege the constituent elements of the offense attempted is not a fundamental defect. *Williams v. State*, 544 S.W.2d 428, 430 (Tex.Cr.App. 1976). The relief sought by petitioner is denied.

---

1. Because the indictment alleges specific intent, we need not address the question, argued in the briefs in this case, of whether the word "attempt" alone is sufficient to allege a culpable mental state. See *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978), to which this writer dissented.