Gary LANTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 64510.

Court of Criminal Appeals of Texas, Panel No. 1.

July 16, 1980.

---

Lamar D. Treadwell, II, Muleshoe, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. In April of 1977 appellant, on his plea of guilty, was convicted of the offense of hindering secured creditors and assessed a penalty of five years' confinement in the Texas Department of Corrections. This sentence was probated. On September 18, 1979, on motion of the State, appellant's probation was revoked.

■ Appellant, in his first ground of error, asserts that the indictment charging him with hindering secured creditors was fundamentally defective for failure to allege that the property was removed from the State of Texas. V.T.C.A., Penal Code, Section 32.33 (1974). Specifically, appellant contends that the court erred in failing to grant his motion to quash this indictment. The record reflects, though, that this so-called motion to quash was not filed until September 5, 1979. Since appellant was convicted of this offense on April 27, 1977, this motion was untimely. We consider, therefore, whether the indictment was fundamentally defective.

■ In pertinent part, the indictment alleged that appellant "did then and there, with intent to hinder enforcement of such security interest, remove the property." V.T.C.A., Penal Code, Section 32.33 defines the word remove in the following terms:

> " 'Remove' means transport, without the effective consent of the secured party, from the state in which the property was located when the security interest or lien attached."

Since the word "remove" is defined in the statute it need not be further alleged in the indictment. See *American Plant Food Corporation v. State*, 508 S.W.2d 598, 604 fn. 3 (Tex.Cr.App.1974). The indictment tracked the statute and was not fundamentally defective. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant asserts that the statute under which he was prosecuted, V.T.C.A., Penal Code, Section 32.33 is unconstitutionally vague and indefinite. This is so, he says, because the term "security agreement" is not defined in the Texas Penal Code. Section 32.33 defines a security interest as "an interest in personal property or fixtures that secures payment or performance of an obligation." Section 32.33(b) provides that:

> "A person who has signed a *security agreement* creating a security interest in property or a mortgage or a deed of trust creating a lien on property commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, transfers, or otherwise harms or reduces the value of the property."

It is clear, then, that Section 32.33(b) gives notice of the type of "security agreement" involved in the commission of the offense of hindering secured creditors. That is to say that the offense may be committed by one who has signed a "security agreement" which creates a "security interest" in property. In that respect, the statute is neither vague nor indefinite.

■ Appellant also contends that the statute is unconstitutionally vague "because it does not specify that the actor is not

guilty unless he knowingly or intentionally destroys, removes, conceals, encumbers, transfers, or otherwise harms or reduces the value of the property." We suppose appellant to be suggesting that the statute is unconstitutional for failure to specify the culpable mental state necessary to the commission of the offense. As we read the statute, the necessary mental state is that an actor harbor the "intent to hinder enforcement of [an] interest or lien . . ." V.T.C.A., Penal Code, Section 6.03(a) provides:

"A person acts intentionally *or with intent*, with respect to the nature of his conduct when it is his conscious objective or desire to engage in conduct or cause the result."

We find that V.T.C.A., Penal Code, Section 32.33 requires a culpable mental state. Appellant's second ground of error is overruled.

The judgment is affirmed.