Harry James HARRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–464–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.

Rehearing Denied April 29, 1982.

Bob Heath, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This is an appeal from the trial court's order revoking probation previously granted for the offense of impersonating a peace officer; the punishment, two (2) years confinement in the Texas Department of Corrections. We affirm.

There is no challenge to the sufficiency of the evidence nor to any of the revocation of probation proceedings. In six grounds of error, appellant challenges the sufficiency of the indictment. Omitting its formal parts the indictment alleges:

> Harry James Harrison hereafter styled the Defendant, heretofore on or about November 5, 1978, did then and there unlawfully impersonate a public servant, namely, a peace officer, with the intent to induce W. F. Hosea to submit to the pretended authority of the Defendant and rely on the pretended official acts of the Defendant.

In his first ground of error appellant contends the indictment is void because Section 37.11 of the Penal Code under which he was prosecuted is unconstitutionally vague. The contested statute provides:

> A person commits an offense if he impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts. Tex.Penal Code Ann. § 37.11(a) (Vernon 1974).

Appellant argues that the above section "is vague and indefinite for the reason that the meaning of 'public servant' and 'peace officer' are [sic] so varied and the duties assigned to 'peace officers' overlap in so many gray areas with the duty of private citizens to prevent crime and to apprehend offenders that a person charged under the provisions of article 37.11 ... may not be safe from prosecution under the most innocuous set of circumstances under which the act was performed." Further, appellant argues that the statute is vague and indefinite because it does not require a culpable mental state and therefore is subject to arbitrary and erratic enforcement. We address this issue first.

■ The contested statute requires that in order to be guilty of a crime the offender must impersonate "a public servant *with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts.*" (Emphasis added) (Tex.Penal Code Ann. § 37.11(a) (Vernon 1974). Therefore, impersonating a public servant could never be a crime unless accompanied by the requisite intent. The state relies upon, and we find comfort in, *Lantz v. State*, 601 S.W.2d 374 (Tex.Cr.App. 1980). There, appellant challenged the constitutionality of Tex.Penal Code Ann. § 32.-33 as not requiring a culpable mental state. However, the court pointed out that the failure of the statute to require the offender to act either intentionally or knowingly was of no importance because the culpable mental state required was for the act to be done with the "intent to hinder enforcement of [an] interest or lien." See also *Ex Parte Prophet*, 601 S.W.2d 372 (Tex.Cr.App. 1980) where the court reviews those cases in which the gravamen of the offense is an act coupled with a specific intent. It has been repeatedly held that pleading the requisite specific intent is sufficient to allege a culpable mental state. We find that the contested statute does require a culpable mental state.

■ Both appellant and the state rely upon the rule that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process, citing among other cases, *Ex Parte Chernosky*, 153 Tex.Cr. 52, 217 S.W.2d 673 (Tex.Cr.App.1949). Appellant argues that the statute fails for vagueness because the word "impersonate" is not statutorily defined and the terms "public servant" and "peace officer," though statutorily defined, include a great number of persons. We disagree. Years ago the United States Supreme Court, in *Sproles v. Binford*, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932), spoke to the issue of determining whether a statute is void for vagueness, stating "[t]he requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.... The use of common experience as a glossary is necessary to meet the practical demands of legislation." The fact that the term "impersonate" is not specially defined does not render the statute unconstitutional. *Powell v. State*, 538 S.W.2d 617 (Tex.Cr.App.1976). It is a term capable of being understood by a person of ordinary intelligence and we find it to be not unconstitutionally vague. We are not impressed with appellant's argument that the broad definitions of "public servant" and "peace officer" render the statute unconstitutional. In *United States v. Sheker*, 618 F.2d 607 (9th Cir. 1980), the Ninth Circuit Court of Appeals, in passing upon the constitutionality of 18 U.S.C. § 912, the federal statutory counterpart to our Section 37.11, held that the statute was unambiguous. See also *People v. Vaughn*, 196 Cal. App.2d 622, 16 Cal.Rptr. 711 (1961). Appellant's first ground of error is overruled.

In his second, third, fourth, fifth and sixth grounds of error, which appellant groups together, he urges the indictment is fundamentally defective because it (1) is so vague as not to bar a subsequent prosecution for the same offense, (2) fails to allege the type of peace officer appellant allegedly impersonated, (3) fails to allege a culpable mental state, (4) fails to allege any acts committed by appellant which might constitute impersonation, and (5) fails to track the language of the statute.

■ Appellant recognizes that since he filed no motion to quash, only fundamental error may be urged. We have already disposed of appellant's contention concerning the requirement of a culpable mental state in our discussion of his first ground of error. His contention that the allegations of the indictment did not follow the statute is based on the allegation of "pretended authority" rather than the statute's "pretended *official* authority." This is not a matter which we will address as fundamental error. We do note, however, that the indictment did allege "pretended official acts" of

appellant. We further hold that since the indictment otherwise tracked the statute verbatim, appellant's other grounds of error attacking the indictment are without merit, and, accordingly, are overruled.

The judgment is affirmed.