**David Lee LATIMER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–606CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1983.

John J. Browne, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from a conviction for burglary, wherein a jury found appellant guilty, and assessed punishment at confinement for four years in the Department of Corrections. We affirm.

On the evening of February 2, 1981, Houston Police Officer J.S. McMillien, responding to a silent burglary alarm at a two-story warehouse (located at 7256 Lyons Avenue, Houston, Texas), observed appellant in the process of exiting a second-floor window. Officer McMillien, after identifying himself, ordered appellant to "freeze", and to come down from his second-floor position. Appellant complied immediately,

and was promptly arrested. At trial, one Art Dornbaum testified that he was the owner of the building, and that he had not given his consent to appellant to enter the premises. He further testified that it did not appear that any of the contents of the warehouse had been taken or moved. In his defense, appellant testified that he was an alcoholic, that he had entered the building to get out of the inclement weather, that he had stayed inside only ten to fifteen minutes (and left, due to the dampness and the leaky roof), that he had not touched any of the merchandise, and that he had not entered the building with any intent to commit the offense of theft. On cross-examination, the State elicited impeachment testimony from appellant concerning a number of previous theft related convictions.

■ In his first ground of error, appellant challenges the sufficiency of the evidence which supported his conviction, because there was no proof of the essential element of entering with intent to commit theft. We disagree. Texas Penal Code Ann. § 30.02(a) defines "burglary" as:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

The Court of Criminal Appeals, in *Mauldin v. State,* 628 S.W.2d 793 (Tex.Cr.App.1982), held:

In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. *Simmons v. State,* 590 S.W.2d 137 (Tex.Crim.App.1979). Further, an entry made without consent in the nighttime is presumed to have been made with intent to commit theft. *Moss v. State,* 574 S.W.2d 542 (Tex.Crim.App.

1978); *Solis v. State,* 589 S.W.2d 444 (Tex.Crim.App.1979).

Thus, from the introduction of the evidence as to appellant's unauthorized entry of the building in the nighttime, and from appellant's own testimony that he entered voluntarily and knowingly, the State effectively raised the rebuttable presumption that appellant committed the offense of burglary. Appellant attempted to rebut the presumption by the introduction of evidence demonstrating his purpose and length of time in the building, and the fact that he did not take anything from the building. Had the jury believed him, it could have returned a verdict of "not guilty"; however, it was not required to accept his testimony. The evidence as a whole was sufficient to support the jury's verdict. Thus, appellant's first ground of error is overruled.

■ In his second ground of error, appellant asserts that the conviction is void, alleging that the indictment was fundamentally defective since it failed to allege the culpable mental state, as required by Tex. Penal Code Ann. § 6.02. We disagree. The indictment in question states:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS: The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, DAVID LEE LATIMER hereafter styled the Defendant, heretofore on or about FEBRUARY 9, 1981, did then and there unlawfully with intent to commit theft, enter a building not then open to the public, owned by ART DORNBAUM, a person having a greater right to possession of the building than the defendant and hereafter styled the Complainant, namely, without any consent of any kind. AGAINST THE PEACE AND DIGNITY OF THE STATE.

The Court of Criminal Appeals, in *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976), ruled that a charge of entrance "with intent to commit theft" was sufficient to allege a culpable mental state and to support a conviction for the offense of burglary. Con-

sidering that the indictment in the instant case reflected identical language to the mental state portion recited in *Teniente,* as well as Tex.Penal Code Ann. § 6.02(d)(1), appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.