**200**

Clifton McAFEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–83–00193–CR.

Court of Appeals of Texas,
El Paso.

Aug. 10, 1983.

David K. Chapman, San Antonio, for appellant.

Bill M. White, Criminal Dist. Atty., San Antonio, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a habitualized conviction for burglary. Upon jury findings of guilt and true as to the habitualization counts, punishment was assessed at life imprisonment. We affirm.

The sole ground of error asserts the charge on guilt-innocence was fundamentally defective because it omitted "intentionally or knowingly" in the application paragraph. The indictment, based on Tex.Penal Code Ann. sec. 30.02(a)(1) (Vernon 1974), alleged that Appellant intentionally and knowingly entered a building not then open to the public without the owner's effective consent and with intent to commit theft. In its abstract portion, the charge defined burglary utilizing "intentionally or knowingly." In the application paragraph the charge did not repeat "intentionally and knowingly" but did recite "with intent to commit the offense of theft."

In *Martinez v. State*, 565 S.W.2d 70, 71 (Tex.Cr.App.1978), and *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), the same type of alleged error was treated with regard to indictments under Section 30.-02(a)(1). There, no error was found in failure to plead the general mens rea of "intentionally and knowingly" under this theory of prosecution where the specific "intent to commit theft" was utilized. The conduct that is the gist of the offense is entry with intent to commit theft. *Teniente,* supra. The allegation of the requisite specific intent suffices for the more general culpable mental state of "intentionally and knowingly." *Martinez,* supra. The indictments in those two cases are to the requisites of the statute as the charge in this case is to the pleading in the indictment. Under Section 30.02(a)(1), the specific culpable intent to commit theft must exist at the very time of entry. That specific intent was both pled and charged and such a state of mind necessarily entails an entry that is made either intentionally or knowingly. Ground of Error No. One is overruled.

The judgment is affirmed.