Hill, Beatty, Butcher & Gallagher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Susan Ayres and Chris Harrison, Assts., Fort Worth, for the State.

Before HILL, FARRIS and LATTIMORE, JJ.

**Luther Gene CURRY, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–269–CR.**

Court of Appeals of Texas,
Fort Worth.

June 16, 1992.

Discretionary Review Refused
Sept. 30, 1992.

## OPINION

LATTIMORE, Justice.

This is an appeal by Luther Gene Curry, Jr. who was charged for the offense of burglary of a habitation. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989). The jury found Curry guilty as charged in the indictment and assessed punishment at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

We affirm.

Curry asserts on appeal that this burglary with intent to commit theft conviction is invalid because it is based upon a finding that the appellant intentionally engaged in the wrongful conduct while the correct culpable mental state for this offense is knowing conduct.

Section 30.02(a)(1) of the Texas Penal Code provides:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft....

*Id.* Curry contends that neither the indictment nor the jury instructions contained the requisite mental state of knowledge as is required by section 6.02 of the Texas Penal Code. TEX.PENAL CODE ANN. § 6.02 (Vernon 1974). However, the substantive offense of burglary was charged in the indictment and outlined in the jury charge.[1] The particular intent which is a material fact in a prosecution for burglary under section 30.02(a)(1) is that the entry be made with the intent to commit a felony or theft. *Sylvester v. State,* 615 S.W.2d 734, 735–36 (Tex.Crim.App. [Panel Op.] 1981); *Martinez v. State,* 565 S.W.2d 70, 71 (Tex.Crim. App. [Panel Op.] 1978); *Teniente v. State,* 533 S.W.2d 805, 806 (Tex.Crim.App.1976). In *Victory v. State,* 547 S.W.2d 1, 4 (Tex. Crim.App.1976) (opinion on reh'g), the Texas Court of Criminal Appeals stated:

> *Teniente* stands for the proposition that the allegation of the required particular intent sufficed for the more general culpable mental state as well.

*Id.* The indictment in this case was substantially in the same language as those before the Texas Court of Criminal Appeals in *Martinez* and *Sylvester. Martinez,* 565 S.W.2d at 71; *Sylvester,* 615 S.W.2d at 735. We conclude that the indictment did allege the proper culpable mental state. Additionally, the charge in the present case required the jury to find the requisite culpable mental state to sustain the conviction. We hold that this burglary conviction is valid in that the indictment and the charge both included the required culpable mental state. Curry's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

1. The indictment alleged that Curry:

   [O]n or about the 15TH day of OCTOBER 1990, did THEN AND THERE INTENTIONALLY, WITHOUT THE EFFECTIVE CONSENT OF JUDY DAVIS, THE OWNER THEREOF, ENTER A HABITATION WITH INTENT TO COMMIT THEFT....

   Also, the jury was charged with the following:

   Now, if you find from the evidence beyond a reasonable doubt that the Defendant, Luther Gene Curry, Jr., in Tarrant County, Texas, on or about the 15th day of October, 1990, did then and there intentionally, without the effective consent of Judy Davis, the owner thereof, enter a habitation with intent to commit theft, then you will find the Defendant guilty of burglary of a habitation.