NUMBER 13-98-364-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RUBEN RAMOS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez


Opinion by Justice Dorsey



 The trial court found appellant, Ruben Ramos, guilty of the offense
of hindering a secured creditor and sentenced him to ten years of
community supervision, imposed a $100 fine, and ordered him to pay
$16,500 in restitution. By three points of error, Ramos claims the
evidence was insufficient to support his conviction, and that the penalty
imposed was greater than that provided for by law. We find the
evidence legally insufficient, and reverse and render judgment of
acquittal.

 In 1989, Ramos purchased a piece of property on Oklahoma Street
in Weslaco that included a building and fixtures. The building had been
used as a gun shop. In 1990, Ramos signed a deed of trust, which
gave the National Bank of Weslaco a lien against the property, and any
improvements, thereby making the Bank a secured creditor. The total
loan amount was $34,500, and the house was valued at $46,000.

 Ramos failed to repay the loan as agreed, and the bank foreclosed
and took possession of the property. Upon entry of the property, it
appeared that the house had been vandalized. All light fixtures, sinks,
cabinets, doors, and paneling had been removed. An appraisal showed
that in this condition, the house was worth $26,000. The State offered
no evidence showing the date or approximate date the property was
damaged. 

 Ramos was charged with hindering the secured creditor of the
property. The indictment alleged that he "intentionally and knowingly
destroyed, harmed and reduced the value of said property by removing
light fixtures, floor covering, walls, cabinets, doors, windows, ceiling
and bathroom fixtures. . . ."

 Ramos testified that he began remodeling the house immediately
after purchasing it. He said that the house was in the state in which
the Bank found it because it was in the middle of the extensive
remodeling project. He claimed that he simply ran out of money, and
stopped paying the note and ceased the remodeling project. He denied
personally removing anything from the house.

 Next, Ramos challenges the legal and factual sufficiency of the
evidence supporting his conviction. Here, Ramos argues that the State
failed to meet its burden to prove that he committed the crime with the
requisite intent. The statute makes it clear that "intent to hinder
enforcement of [an] interest or lien" is required for a violation. Tex. Pen.
Code. Ann. § 32.33(b) (Vernon 1994); see also Lantz v. State, 601
S.W.2d 374, 376 (Tex. Crim. App. 1980) (noting that intent is required);
Anzaldua v. State, 696 S.W.2d 911 (Tex. Crim. App. 1985) (listing
"intent to hinder enforcement of interest or lien" as an element of the
crime). Intent is the "conscious objective or desire to engage in conduct
or cause the result." Tex. Pen. Code Ann. § 6.03(a) (Vernon 1991);
Lantz, 601 S.W.2d at 376.

 When reviewing the legal sufficiency of the evidence, we look at
the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979). Texas courts have applied Jackson in such
a way that the only evidence a reviewing court considers is the
evidence that supports the verdict. Clewis v. State, 922 S.W.2d 126,
166 n.10 (Tex. Crim. App. 1996). This standard of review also applies
to bench trials. Grant v. State, 989 S.W.2d 428, 432 (Tex.
App.--Houston [14th Dist.] 1999, no pet.); Gonzalez v. State, 954
S.W.2d 98, 100 (Tex. App.--San Antonio 1997, no pet.). We hold that
the State produced legally insufficient evidence that Ramos possessed
the required element of intent to hinder enforcement of the Bank's
security interest.

 The State presented the testimony of Mr. David Gamez, a patrol
sergeant with the Weslaco Police Department, who investigated the 
case. Gamez testified that upon showing Ramos pictures of the house
showing what appeared to be vandalism, he asked Ramos if he knew
what had happened to the property. He testified that Ramos responded
that he had "removed the property because it was still owed, the
property that he had put in there." Gamez testified that they found
some stainless steel sinks, some lumber, some toilet seats, porcelain
sinks, doors and lights at Ramos' parent's house, and that Ramos told
Gamez he took the fixtures from the Oklahoma Street house to his
parents' house.

 However, Gamez's testimony was vague regarding what Ramos
actually said to him. The following colloquy took place during cross-examination of Officer Gamez:


 . . . Now, tell me again what Mr. Ramos told you when
you talked to him regarding the property that was
taken from the house.


 


 That he had bought it from the Bank and that he had
problems with the Bank because there was to -- he
wanted to make it one -- one property and they didn't
allow it. They wanted him to do two properties, so he
started having problems with the Bank and he removed
the property because it was still owed.


 


 What was still owed, the house or the property?


 A. The property.


 Q. The items that were taken?


 A. Yes, sir.

 We hold that this amounts to no evidence that Ramos possessed
the intent required to make his conduct a violation of the statute. 
Section 32.33(b) makes it clear that a person must act "with intent to
hinder enforcement of the security interest or lien" in order to violate the
statute. The only evidence that the State offers is Officer Gamez's
testimony that Ramos told him he removed the property "because he
still owed." We do not believe that any rational juror could find, beyond
a reasonable doubt, that Ramos possessed the intent to hinder the
Bank's interest in the property. Accordingly, we hold that the evidence
is legally insufficient to support the verdict of guilt.

 Penal code § 32.33(c) describes the situation where intent may be
presumed, but there is no evidence raising that presumption present in
this case. Under that section, intent is presumed if, when any part of
the debt is due, the defendant fails to pay the part then due and, if the
secured party makes demand, to deliver possession of the secured
property to the secured party. Tex. Pen. Code Ann. § 32.33(c) (Vernon
1994).

 If a reviewing court determines that the evidence is legally
insufficient, it must render a judgment of acquittal. Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). Accordingly, because we find
that the evidence was legally insufficient on the required element of
intent, we reverse the conviction and render judgment of acquittal.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 17th day of August, 2000.