NO. 07-06-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 15, 2007
______________________________

GEORGE W. SCOTT, 

                                                                                                 Appellant
v.

THE STATE OF TEXAS, 
 
                                                                                                 Appellee
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,601; HON. JIM BOB DARNELL, PRESIDING
______________________________

Concurring Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          I concur in the majority’s opinion and result except to the extent that it required the
State to prove that the accused intentionally, knowingly, recklessly, or negligently
possessed the anhydrous ammonia under §481.124(a) of the Texas Health and Safety
Code. Furthermore, my disagreement is based upon the following. 
          First, possession of anhydrous ammonia is not illegal per se, but it is illegal to
possess or transport it with the intent to manufacture a controlled substance. Tex. Health
& Safety Code Ann. §481.124 (a)(1) (Vernon 2005); see Keehn v. State, No. 02-06-047-CR, 2007 Tex. App. Lexis 310 (Tex. App.–Fort Worth 2007, no pet. h.). Therefore, the
possession of anhydrous ammonia becomes illegal when there is the intent to manufacture
a controlled substance. So, the culpable mental state required in this case involved what
was to be done with the anhydrous ammonia once it is possessed, i.e. did he have the
chemical for the purpose of unlawfully manufacturing a controlled substance. 
          Next, I admit that the Texas Penal Code, §6.02, mandates that a person does not
commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence
engages in conduct as the definition of the offense requires. But, again, the purpose of the
crime as depicted in the penal code must be considered. As mentioned above, the
conduct forming the gist of the offense here (i.e. the conduct sought to be criminalized by
the legislature) is not simply the possession of anhydrous ammonia but the purpose of the
possessor in having the chemical. Furthermore, the jury charge before us provided the
culpable mental state with which appellant possessed anhydrous ammonia; it alleged he
possessed anhydrous ammonia “with intent to unlawfully manufacture a controlled
substance, to-wit: Methamphetamine. . . .” See Teniente v. State, 533 S.W.2d 805, 806
(Tex. Crim. App. 1976) (holding that the indictment for burglary of a habitation alleged the
culpable mental state with which the appellant entered the habitation; it alleged he entered
the habitation “with the intent to commit theft” and thereby satisfied the requirements of
§6.02 of the penal code).
          Simply put, the mens rea of intentionally, knowingly, recklessly or negligently
possessing the ammonia is logically implicit in the mind set described by the phrase “with
the intent to manufacture a controlled substance.” In having the latter, appellant must have
had the former for he could not intend to use the chemical to make drugs if he did not know
he had the chemical. So, the prosecution was not obligated to either allege or prove
whether the accused intentionally, knowingly, recklessly, or negligently possessed the
ammonia to secure conviction under §481.124(a)(1).
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish.