NO. 07-06-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 15, 2007

_____

GEORGE W. SCOTT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,601; HON. JIM BOB DARNELL, PRESIDING

_____

***Concurring Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I concur in the majority's opinion and result except to the extent that it required the State to prove that the accused intentionally, knowingly, recklessly, or negligently possessed the anhydrous ammonia under §481.124(a) of the Texas Health and Safety Code. Furthermore, my disagreement is based upon the following.

First, possession of anhydrous ammonia is not illegal per se, but it is illegal to possess or transport it with the intent to manufacture a controlled substance. TEX. HEALTH & SAFETY CODE ANN. §481.124 (a)(1) (Vernon 2005); *see Keehn v. State,* No. 02-06-047-

CR, 2007 Tex. App. LEXIS 310 (Tex. App.–Fort Worth 2007, no pet. h.). Therefore, the possession of anhydrous ammonia becomes illegal when there is the *intent* to manufacture a controlled substance. So, the culpable mental state required in this case involved what was to be done with the anhydrous ammonia once it is possessed, *i.e.* did he have the chemical for the purpose of unlawfully manufacturing a controlled substance.

Next, I admit that the Texas Penal Code, §6.02, mandates that a person does not commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence engages in conduct as the definition of the offense requires. But, again, the purpose of the crime as depicted in the penal code must be considered. As mentioned above, the conduct forming the gist of the offense here (*i.e.* the conduct sought to be criminalized by the legislature) is not simply the possession of anhydrous ammonia but the purpose of the possessor in having the chemical. Furthermore, the jury charge before us provided the culpable mental state with which appellant possessed anhydrous ammonia; it alleged he possessed anhydrous ammonia "with intent to unlawfully manufacture a controlled substance, to-wit: Methamphetamine. . . ." *See Teniente v. State,* 533 S.W.2d 805, 806 (Tex. Crim. App. 1976) (holding that the indictment for burglary of a habitation alleged the culpable mental state with which the appellant entered the habitation; it alleged he entered the habitation "with the intent to commit theft" and thereby satisfied the requirements of §6.02 of the penal code).

Simply put, the *mens rea* of intentionally, knowingly, recklessly or negligently possessing the ammonia is logically implicit in the mind set described by the phrase "with the intent to manufacture a controlled substance." In having the latter, appellant must have had the former for he could not intend to use the chemical to make drugs if he did not know

2

he had the chemical. So, the prosecution was not obligated to either allege or prove whether the accused intentionally, knowingly, recklessly, or negligently possessed the ammonia to secure conviction under §481.124(a)(1).

Brian Quinn
Chief Justice

Publish.

3