Opinion issued
July 14, 2011.



In The

Court of Appeals

For The

First District of Texas

————————————

NO.
01-10-00432-CR

———————————

Rodrigo
Benitez,
Appellant

V.

The
State of Texas, Appellee



 



 

On Appeal
from the 248th District Court

Harris
County, Texas



Trial Court Case No. 1228908

 



 

 

MEMORANDUM OPINION

 

          Rodrigo
Benitez appeals the denial of a motion to quash the State’s indictment.  Benitez pleaded guilty to the state jail felony
charge of burglary with intent to commit theft. 
Tex. Penal Code Ann. §
30.02(a)(1), (c)(1) (West 2011).  Following
the denial of his motion, the trial court assessed his punishment at nine
months’ confinement in the Harris County Jail. 
On appeal, Benitez contends that the trial court violated his due
process rights under the Fourteenth Amendment of the United States Constitution
and under Article I, § 10 of the Texas Constitution and violated articles 21.03
and 21.11 of the Texas Code of Criminal Procedure because the indictment failed
to specify a culpable mental state related to his entry into the building that
the State alleged he burglarized.  We
conclude that the trial court properly denied the motion to quash.  We therefore affirm.

Background

          Benitez
walked into the Next Level Hair Salon on a Monday between the hours of eight
a.m. and five p.m.  The salon displayed a
banner reading “Open” and “Walk-ins Welcome,” but it was routinely closed on
Sundays and Mondays, including at the time Benitez entered it.  In the indictment, the State alleged that “on
or about August 17, 2009, Benitez did then and there unlawfully, with intent to
commit theft, enter a building not then open to the public . . . .”  Benitez moved to quash the indictment, arguing
that it fails to allege that he intentionally or knowingly entered a building
not open to the public; it instead merely alleged that he intended to commit
theft.  The trial court denied the
motion.

Discussion

          Benitez contends that the State was required to plead a culpable
mental state that he knew that the building was “not then open to the public,”
and intentionally entered it anyway; thus, he argues, the indictment is
defective and violated his rights under the United States and Texas
Constitutions and articles 21.03 and 21.11 of the Texas Code of Criminal
Procedure.  See U.S. Const.
amend. VI; Tex. Const. art I, § 10. 

Standard of Review

We review de
novo a trial court’s ruling on a motion to quash.
 State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  Both the Texas and United States
Constitutions require that “the charging instrument . . . be specific enough to
inform the accused of the nature of the accusation against him so that he may
prepare a defense.”  Id.  The Texas Code of
Criminal Procedure also requires that the instrument charge the offense “in such a manner as to enable a person
of common understanding to know what is meant, and with that degree of
certainty that will give the defendant notice of the particular offense with
which he is charged . . . .”  Tex. Code Crim. Proc. Ann. art. 21.11 (West 2009); State v. Shuck, 222 S.W.3d 113, 114 (Tex. App.—Houston
[14th Dist.] 2006, no pet.) (discussing article 21.11).

Analysis

The Texas
Court of Criminal Appeals, however, has “repeatedly held that where the
gravamen of an offense is an act coupled with a specific intent, pleading the
requisite specific intent is sufficient to allege a culpable mental state.”  Ex parte
Prophet, 601 S.W.2d 372, 374 (Tex. Crim. App. 1980).  In particular, in burglary with intent to commit theft
cases, the State need only allege the specific intent to commit theft because burglary is an entry with the specific intent to commit theft.  See
Teniente v. State, 533 S.W.2d 805, 806 (Tex. Crim. App. 1976); see also Ex parte Prophet, 601 S.W.2d at
374.  A burglary indictment that alleges that
entry into a building “with intent to commit theft” thus is sufficient, even
though the indictment does not allege intentional or knowing unlawful entry
into the building.  DeVaughn v. State, 749 S.W.2d 62, 64 n.3 (Tex. Crim. App. 1988).  The specific mental
state of “intent to commit theft” subsumes the general mental state relating to
the unlawful entry into the building.  Id.  

Benitez
relies on Salazar v. State to
analogize criminal trespass with burglary to assert that a notice requirement
in the criminal trespass statute implies that a second culpable mental state is
required to be pleaded in an indictment for burglary.  284 S.W.3d 874, 880 (Tex. Crim. App. 2009); see Bader
v. State, 15 S.W.3d 599, 606 (Tex. App.—Austin 2000, pet. ref’d) (“The
elements of criminal trespass are that: (1) a person, (2) without effective
consent, (3) enters or remains on the property or in a building of another, (4)
knowingly, intentionally, or recklessly, (5) when he had notice that entry was
forbidden or received notice to depart and failed to do so.”); Tex. Penal Code Ann. § 30.05(a) (West
2011).

Salazar is distinguishable.  There, the court addressed notice as an
element of criminal trespass.  Salazar, 284 S.W.3d at 878.  The court held that a habitation inherently
provides notice that entry is forbidden, so criminal trespass can be included
as a lesser included offense of burglary of a habitation without express
language in the indictment regarding notice. 
Id.  The court did not, however, reject the
principle, set forth in its earlier precedent, that the allegation of an
“intent to commit theft” sufficiently notifies a defendant charged with
burglary that the State must prove an unlawful intentional or knowing entry
into the building.  See id. at 878–79.

The indictment alleges that Benitez
“did then and there unlawfully, with intent to commit theft, enter a building
not then open to the public . . . without the effective consent of the [c]omplainant,
namely, without any consent of any kind.”  Pleading an “intent to commit theft”—the only
mental state that must be alleged—provides adequate notice in the charging
instrument.  See DeVaughn, 749 S.W.2d at 64 n.3; Ex parte Prophet, 601 S.W.2d at 374; Teniente, 533 S.W.2d at 806;
see also McIntosh v. State, 297 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2009,
pet. ref’d); Martinez
v. State, 269 S.W.3d 777, 781–82 (Tex. App.—Austin 2008, no pet.).  Accordingly, we hold
that the indictment here, alleging the specific mental state of “intent to
commit theft,” includes the general mental state relating to unlawful entry
into a building not then open to the public to commit a theft, and is not
defective for the purpose of notifying the defendant of the charge against him.

Conclusion

          We
hold that the indictment effectively alleged the offense of burglary, and thus
the trial court did not err in refusing to quash the indictment.  We therefore affirm the judgment of the trial
court.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).