Andres **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–82–538CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1983.

Armando Lopez, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order revoking appellant's probation. The appellant raises three grounds of error. The judgment, as reformed, is affirmed.

On December 3, 1980, the appellant was charged by indictment with the felony offense of indecency with a child, and on April 7, 1981, the appellant entered a plea of guilty. His punishment was assessed at five years confinement in the Texas Department of Corrections to be probated, and a fine of $500.00. On May 5, 1982, the state filed a Motion To Revoke Probation charging the appellant with having violated his probation by committing two offenses of indecency with a child on two different dates with two different victims. At the hearing on the Motion to Revoke Probation, the court granted the appellant's Motion For Instructed Verdict regarding one of the victims, Kristi Karmel Krummel, due to the inability of the state to prove the date on which the offense occurred. The court revoked the appellant's probation upon finding the state's allegations to be true with respect to the other victim, Angelina Marie Chambers, and sentenced the appellant to five years confinement in the Texas Department of Corrections.

In his first and third grounds of alleged error, the appellant contends that the evidence was insufficient to support the court's finding that the allegation contained in the Motion To Revoke Probation was true. The appellant basically argues that the evidence was insufficient because there were some conflicts in the testimony of the two child victims and because the appellant believed the victims have "vivid imaginations and have been guilty of lying." The trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject any or all of the testimony. *Tatom v. State*, 555 S.W.2d 459 (Tex.Cr.App.1977). The judge's obligation is to resolve conflicts in the testimony, and contradictions or inconsistencies in the testimony between witnesses does not destroy, but only affects the weight to be given to their testimony.

*Johnson v. State,* 454 S.W.2d 205 (Tex.Cr. App.1970). It is well-established that this court is to examine the evidence in the light most favorable to the trial court's findings. Appellant cannot successfully complain on appeal that contested fact issues were resolved against him. *Garcia v. State,* 563 S.W.2d 925 (Tex.Cr.App.1978). After having carefully reviewed the entire record, we are left with no alternative, but to conclude that the evidence sufficiently proves that the appellant committed the offense of indecency with a child. Accordingly, appellant's first and third grounds of alleged error are without merit and are overruled.

In his second ground of alleged error, appellant asserts that the trial court's order revoking appellant's probation and sentence is void, because of a mix up on the dates. We believe that the Order Revoking Probation And Sentence should be reformed. The State's Motion To Revoke Probation set out two offenses alleged to have been committed by the appellant during his probationary term: indecency with a child, Kristi Karmel Krummel, on or about April 15, 1982; and indecency with a child, Angelina Marie Chambers, on or about April 13, 1982. The judge granted the appellant's Motion For Instructed Verdict with respect to Kristi Karmel Krummel. Upon revoking the appellant's probation, the court stated "I find the allegations in the state's motion to revoke your probation in reference to Angelina Marie Chambers to be true." The Order Revoking Probation And Sentence incorrectly stated that the court found that the appellant violated his probation in that "on April *15,* 1982, in Harris County, Texas, [he] did commit the offense of indecency with a child". The allegation in the Motion To Revoke Probation and the proof adduced at trial show the date when the appellant molested Angelina Marie Chambers to be April *13,* 1982. The April *15th* date incorrectly recited by the court in the Order Revoking Probation And Sentence represents the date the appellant was alleged to have fondled Kristi Karmel Krummel. The appellant alleges that this error constitutes a fatal variance requiring reversal. We disagree, because where the

appellate court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal. *Brewer v. State,* 572 S.W.2d 719 (Tex.Cr. App.1978). In view of the court's statement at the time of sentencing, it is clear that the finding of true related to the allegation in the Motion To Revoke Probation which contained Angelina Marie Chambers as the victim and the date of the offense as April 13, 1982. Pursuant to this court's authority under TEX.CODE CRIM.PROC. ANN. art. 44.24(b) (Vernon Supp. 1982–1983), the revocation order should be reformed to reflect "April 13, 1982" as the date of the commission of the offense. No reversible error has been shown; appellant's second ground is overruled.

The judgment is affirmed as reformed.