**Robert Anthony CARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–494CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 9, 1985.

Rehearing Denied July 11, 1985.

1. The Honorable Charles H. Storey, Justice, Fifth Supreme Judicial District, Retired, sitting by assignment.

Michael Allen Peters, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Robert Anthony Carr was charged by an indictment with the offense of burglary of a habitation and theft. He waived trial by jury, entered a plea of not guilty, and was adjudged guilty of burglary of a habitation by the trial court. The trial court assessed punishment at seven years' confinement. Appellant urges seven grounds for reversal. We affirm.

Appellant asserts in his first ground of error that his trial attorney, Neil Lane, provided ineffective assistance of counsel. As a basis for this contention, appellant has complied a list of certain events that occurred in the proceedings below and the actions taken by his counsel in response thereto. He cites numerous examples of alleged ineffectiveness: the trial lasted only one hour; Mr. Lane did not contact the state's witness, Joyce Glass, to obtain a description of the burglar or do any investigation relating to her; the defense attorney knew of the existence of Judy Katz, an alleged corroborating witness, but did not acquire her testimony or request a continuance to obtain her testimony; the trial attorney did not submit to the court the physical characteristics of the appellant prior to or at the time of offense; the trial attorney did nothing to disclose a different description given previously by the only witness to the offense but only asked her if she had described the appellant differently; his attorney did not file any motions to discover a photo spread or lineup, nor did he challenge the propriety of the in-court identification; the trial attorney did not subpoena the fingerprint analyst to show that no prints belonging to the appellant were found at the scene; and the trial attorney had over one year to prepare for trial, so the ineffectiveness could not be attributed to lack of preparation time.

The United States Supreme Court recently promulgated a two-pronged test for use in the analysis of claims of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■■■ As the Court of Criminal Appeals did in *Ingham v. State,* 679 S.W.2d 503 (Tex.Crim.App.1984) (en banc), we need not analyze this case in light of the second prong of the *Strickland* test because we do not find that appellant's counsel was deficient as our prior decisions construe that term or that he was not "reasonably effective" as the Supreme Court construes that term.

The right to effective assistance of counsel merely ensures the right to reasonably effective assistance. *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980). The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Prior v. State,* 540 S.W.2d 723 (Tex.Cr.App.1976). Indeed, judicial scrutiny of counsel's performance must be highly deferential, and every effort made to eliminate the distorting effects of hindsight. *Strickland, supra,* 466 U.S. ——, 104 S.Ct. at 2065. An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Weathersby v. State,* 627 S.W.2d 729 (Tex.Cr.App.1982); *Cude v. State,* 588 S.W.2d 895 (Tex.Cr. App.1979).

*Ingham v. State,* 679 S.W.2d at 509. The right to counsel, whether appointed or retained, does not mean errorless counsel. *Williams v. State,* 549 S.W.2d 183, 189 (Tex.Crim.App.1977). Trial strategy will be reviewed by appellate courts only if the record demonstrates that the action was without any plausible basis. *Ex Parte Ewing,* 570 S.W.2d 941, 945 (Tex.Crim.App. 1978). The adequacy of an attorney's services must be gauged by the totality of the representation afforded the accused. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex. Crim.App.1981). Thus, the determination of such a question turns upon the particular circumstances of each individual case, and the fact that another attorney might have pursued a different course of action will not support a finding of ineffective assistance of counsel. *Passmore v. State,* 617 S.W.2d 682, 686 (Tex.Crim.App.1981).

In light of the above-quoted *Strickland* test and relevant case law, we review the record and address the contentions propounded by the appellant.

■■■ First, the length of a trial is not a determining factor in assessing ineffective assistance of counsel. A bench trial is better adapted for a concise presentation of evidence. It is not unusual for a bench trial to be relatively short because there are many procedures that are omitted or shortened because of the absence of a jury. While trial counsel did not interview the state's eyewitness prior to trial, he was aware of her anticipated testimony because the state's file was made available to him. He was adamant in his cross-examination of the witness regarding her identification of the accused. Also, the record is void of any evidence that would show that this eyewitness would have consented to an interview or that any pretrial interview would have benefited counsel.

In regard to the appellant's complaint that a corroborating witness, Judy Katz, was not present at trial, the trial attorney testified he spoke with Ms. Katz over the telephone and it was his impression she would testify to the appellant's presence at his jewelry store on the day the offense was committed. The appellant indicated that he would stop and pick her up on his way to court; however, he failed to do this. She was scheduled to appear at trial but did not appear. After consulting with his attorney, the appellant made the decision to proceed to trial without her. There is no evidence that Ms. Katz's testimony would have been any different from the testimony of the other two alibi witnesses. We find no evidence of ineffective assistance of counsel in these actions.

Next, the appellant complains of his attorney's failure to impeach the eyewitness's testimony concerning her prior description of the burglar. There is no evidence to show that her trial testimony was not accurate or that impeachment evidence would have been admissible. Neil Lane cross-examined her extensively regarding the lighting in the room where she

first observed the burglar, how the burglar was dressed, the manner in which he covered his face and what facial features she remembered. He also questioned her about the physical description she gave the police, what type of haircut he possessed, if he had an accent, how long she observed the burglar and whether she was emotional during the burglary. He also brought out evidence that on various occasions she observed guests in the complainant's house while she was cleaning and whether or not any of the guests fit the description of the burglar. Additionally, he questioned her about the photo spread and whether or not she was absolutely sure Robert Carr was the person in the house that day. Mr. Lane thoroughly cross-examined the eyewitness with respect to her identification of the appellant and the accuracy of her previous description of the burglar. The successful nature of the cross-examination is reflected by appellant's fourth ground of error in which he claims there was insufficient proof that the appellant was the person in the complainant's apartment.

■ The decision relating to the calling of witnesses to testify concerning the appellant's appearance at the time of the offense and the lack of fingerprint evidence placing him at the scene of the crime were matters of trial strategy and will not be second-guessed by appellate hindsight. *See Rockwood v. State*, 524 S.W.2d 292, 293 (Tex.Crim.App.1975). Furthermore, it should have been obvious to the trial judge from the lack of fingerprint evidence that the appellant's fingerprints were not found at the scene.

■ The record indicates extensive cross-examination of Joyce Glass with respect to her identification of the appellant. She testified that her in-court identification was of independent origin and was based upon her initial observations, rather than the identification procedures. *See Jackson v. State*, 657 S.W.2d 123, 130 (Tex.Crim. App.1983) (en banc). Furthermore, failure to object to an in-court identification does not, in itself, constitute ineffective assistance of counsel, viewed in light of counsel's

total representation. *Archie v. State*, 615 S.W.2d 762, 765 (Tex.Crim.App.1981).

There is further evidence that the trial attorney discussed the case with the appellant on numerous occasions and discussed the case with the investigating detectives. The state made their file available to the defense attorney in lieu of formal discovery, and he interviewed defense witnesses, noting their anticipated testimony.

The trial attorney also sent his client to see a well-known and respected polygraph examiner. He called the examiner as a witness and questioned him in such a manner as to leave the court with the impression that Mr. Carr had passed the polygraph examination. Mr. Lane also called two alibi witnesses to support his trial strategy that the appellant was at his jewelry store when the burglary occurred. Once again we find no evidence of ineffective assistance of counsel.

■ Lastly, the length of time an attorney has to prepare for trial, one year in this case, is not a major factor in determining effective assistance of counsel. Preparation time is just one element of the total representation afforded the accused. The sufficiency of an attorney's assistance must be measured by the totality of the representation afforded. *Archie v. State*, 615 S.W.2d at 765. We are not in a position to second-guess through appellate hindsight the strategy adopted by counsel at trial. After a review of the totality of representation, we find that appellant has failed to demonstrate that the representation by his trial attorney amounted to ineffective assistance of counsel. Ground number one is overruled.

Appellant contends in ground number two that the indictment is fundamentally defective because of the misspelling of the complainant's name. The complainant's name appears in the indictment as "GARY A. BARCHFIELD," when it is actually "GARY A. BARCHFELD." The complainant testified that his last name is frequently misspelled and he is often referred to as "Barchfield."

The resolution of questions involving the rule of *idem sonans* should be limited primarily to the trier of facts. A trial judge or jury, having heard the pronunciation of the names involved, is in a better position to determine whether or not the names are or can be sounded the same. Questions involving the rule of *idem sonans* must be raised in the first instance at trial. If the issue is raised for the first time on appeal, it will be treated as having been waived and will present nothing for review. *Malone v. State,* 630 S.W.2d 920, 921 (Tex.Crim.App.1982); *Martin v. State,* 541 S.W.2d 605, 607 (Tex.Crim.App.1976).

In the case at bar, the record is void of any request that the question of variance be submitted to the jury. The evidence does not show that the names "Barchfeld" and "Barchfield" are patently incapable of sounding the same or that the appellant was misled to his prejudice; therefore, we will not disturb the court's ruling. Furthermore, the record reveals that the complainant is often known by "Barchfield," as alleged in the indictment. Because the complainant was shown to be known by "Barchfield" as well as "Barchfeld," there is no material variance and the evidence was sufficient to support the conviction. It does not appear from the record that this variance in any manner misled or prejudiced the appellant. TEX.CODE CRIM.PROC.ANN. art. 21.07 (Vernon 1966); *see Roach v. State,* 586 S.W.2d 866, 867 (Tex.Crim.App.1979); *Forder v. State,* 456 S.W.2d 378, 385 (Tex.Crim.App.1970). Ground number two is overruled.

The indictment in the present case alleges that the appellant "did then and there unlawfully with intent to commit theft, enter a habitation owned by GARY A. BARCHFIELD...." The appellant contends, in ground number three, that the indictment is fundamentally defective for failing to allege he entered the habitation "intentionally or knowingly."

The Texas Court of Criminal Appeals has held that the particular intent that is a material fact in a prosecution for this type of burglary is that the entry be made with the intent to commit a felony or theft. TEX.PENAL CODE ANN. § 30.02 (Vernon 1974); *Martinez v. State,* 565 S.W.2d 70, 71 (Tex.Crim.App.1978); *Teniente v. State,* 533 S.W.2d 805, 806 (Tex.Crim.App.1976). The indictment in the present case alleges the culpable mental state with which the appellant entered the habitation: it alleges he entered the habitation with the intent to commit theft. *Teniente v. State,* 533 S.W.2d at 806. Ground number three is overruled.

In appellant's fourth ground of error, he argues that there is insufficient evidence to support the conviction because there was no proof that the appellant was the intruder in the complainant's residence. The eyewitness, Joyce Glass, testified she observed the appellant over a period of several minutes. It was approximately 10:00 a.m. and there was a light on over the dressing table providing sufficient light to clearly see his face. She noted that he wore a handkerchief across his face but below his eyes and nose. She also noted his distinctive eyebrows and nose, the color of his hair and the type of haircut he possessed.

Additionally, Ms. Glass identified the appellant in both a photo spread and a subsequent lineup. Further, she made an in-court identification of the appellant indicating that this in-court identification was based on her observations the day of the burglary. The trial court had before it all the relevant information concerning the identification of the appellant, and it was the duty of the trial court, sitting as the trier of fact, to determine the credibility of the testimony and to decide the weight to be given the testimony. *Gonzales v. State,* 659 S.W.2d 62, 63 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *see Garza v. State,* 633 S.W.2d 508, 514 (Tex.Crim.App. 1982). Ground number four is overruled.

At the trial level the appellant did not testify in his own behalf; now, on appeal in ground number five, he contends there was no knowing and intelligent waiver of his right to testify. The appellant's

trial counsel testified at the hearing on the motion for new trial that they discussed on numerous occasions the advantages and disadvantages of such testimony, and that the appellant personally decided not to take the witness stand. Trial counsel also testified that he represented the appellant over a period of years and in several cases and never found the appellant to be completely candid. In light of the above testimony, we find no abuse by the trial court in overruling a motion for new trial based on this ground. Ground number five is overruled.

■ The appellant also contends, in ground number six, that he did not knowingly and intelligently waive his right to trial by jury. The record does not support this contention. Trial counsel testified that on many occasions he discussed the advantages and disadvantages of a jury trial. Mr. Lane advised the appellant against a jury trial because he believed the state's case was "very weak" and lacked "scientific" and "documentary evidence." Trial counsel also testified there was a mutual understanding that the appellant would waive the right to a jury, in part, because of the anticipated strategy of calling the polygraph operator to the stand. He also charaterized the appellant's waiver as voluntary, intelligent and knowing.

The record reveals that trial counsel utilized the wrong preprinted form when he sought to file a waiver of jury trial. The trial court noted the error, and after fully admonishing the appellant regarding his right to trial by jury, accepted a written waiver that was signed by the appellant, trial counsel, attorney for the state and the trial judge. This is sufficient to show an effective waiver of jury trial under TEX. CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977). Ground number six is overruled.

In his final ground of error, the appellant complains that he did not waive his right to be tried upon a grand jury indictment. Appellant's contention is factually unsound. The record reflects he was "true billed" by the grand jury and tried on the indictment;

thus, no waiver was necessary. Ground number seven is overruled.

Accordingly, the judgment of the trial court is affirmed.