Affirmed; Memorandum Opinion of August 26, 2003, Withdrawn and
Substitute Memorandum Opinion filed December 11, 2003















Affirmed;
Memorandum Opinion of August 26, 2003, Withdrawn
and Substitute Memorandum Opinion filed December 11, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00393-CR

____________

 

L.C. CRATION, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________________

 

On Appeal from
the 9th District Court

Waller County, Texas

Trial Court
Cause No. 01-08-10,801

 

__________________________________________________

 

S U B S T I
T U T E   M E M O R A N D U M   O P I N I O N

            We withdraw the opinion issued in
this case on August 26,
 2003, and we issue the following opinion in its place.

            Appellant L.C. Cration,
Jr. appeals his conviction for unauthorized use of a motor vehicle, arguing
that: (1) the trial court erroneously admitted extrinsic evidence of the
complainant’s prior inconsistent statement; and (2) the evidence is legally and
factually insufficient to support appellant’s conviction.  We affirm.








I.  Factual and Procedural Background

            Appellant
was arrested after police noticed he was driving a truck that had been reported
stolen.  The truck belonged to the
Reverend Ben Arrington, the complainant. 


            A jury found appellant guilty.  The trial court assessed appellant’s
punishment at six years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.

II.  Issues Presented

            Appellant presents the
following issues for review:

            (1)       Did the
trial court reversibly err by admitting extrinsic evidence of a prior
inconsistent statement when the witness unequivocally admitted that he made the
statement?

            (2)       Is the evidence
legally and factually sufficient to prove appellant did not have the effective
consent of the owner to use the truck?

 

III.  Admissibility of
Evidence

            We review a trial court’s
decision to admit or exclude evidence for an abuse of discretion.  Mozon v. State,
991 S.W.2d 841, 846–47 (Tex. Crim. App. 1999).  In determining whether the trial court abused
its discretion, we consider whether the court acted without reference to
guiding rules and principles — that is, whether the court acted arbitrarily or
unreasonably.  Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App.1993).  We
must uphold the trial court’s ruling so long as it is “within the zone of
reasonable disagreement.”  Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).   

            In his first issue,
appellant challenges the trial court’s admission of Reverend Arrington’s
written statement that he had not given appellant permission to use his pick-up
truck.  At trial, the State called
Reverend Arrington as a witness and he testified that appellant did not need
permission to use the truck at the time relevant to this case.  However, in response to the prosecutor’s
inquiry, Reverend Arrington admitted he had filed a written report with the
Grimes County Sheriff’s Department on June 12, 2001, stating appellant did not have permission to use his
truck.  Although Reverend Arrington
admitted to making the written statement, he testified that he was sick at the
time of trial and did not know whether appellant had permission to use the
truck.[1]  The trial court admitted Reverend Arrington’s
written statement into evidence. 
Appellant maintains that in doing so, the trial court violated Texas
Rule of Evidence 613, which prohibits admission of an extrinsic writing to
prove a prior inconsistent statement when the witness whose testimony is being
impeached unequivocally admits to having made the prior inconsistent
statement.  See Tex. R. Evid. 613; McGary v. State,
750 S.W.2d 782, 787 (Tex. Crim. App. 1988). 

            Assuming arguendo that the trial court
erred by admitting extrinsic evidence of Reverend Arrington’s prior
inconsistent statement, we find any error in its admission harmless.  Overruling an objection to the admission of
evidence will not result in reversal when evidence of the same facts was
admitted elsewhere.  See Leday v. State, 983 S.W.2d 713, 718
(Tex. Crim. App. 1998); Heidelberg v. State, 112 S.W.3d 658, 664 (Tex. App.—Houston [1st
Dist.] 2003, pet. filed) (holding alleged error in admitting evidence was
rendered harmless by admission of same evidence elsewhere and by appellant’s
failure to complain on appeal about the admission of this other evidence).  The record shows that Officer Helms of the
Grimes County Sheriff’s Department testified that Reverend Arrington reported
to him that appellant had taken the truck without permission on the day in
question.  Because the evidence appellant
challenges on appeal was also admitted through Officer Helms’s
testimony, any error in this challenged ruling by the trial court is
harmless.  See Leday, 983 S.W.2d at 718; Heidelberg, 112
S.W.3d at 664.

            During the relevant part of the
State’s direct examination of Officer Helms, the trial court overruled
objections by appellant’s trial counsel to Officer Helms’s
testimony that Reverend Arrington told Officer Helms appellant had taken the
truck without permission.  Appellant has
not assigned error or otherwise complained on appeal about the trial court’s overruling
of those objections.  Therefore, we need
not and do not address these trial objections by appellant to Officer Helms’s testimony.  See Wright v. State, 28 S.W.3d 526, 536
n.9 (Tex. Crim. App. 2000).  Under the general rule, alleged error in
admitting evidence is rendered harmless by admission of same evidence
elsewhere.  See Heidelberg, 112
S.W.3d at 664.  There is no sound reason
why it should matter whether the same evidence was admitted without trial
objection or whether the same evidence was admitted over appellant’s trial
objections that were not carried forward on appeal by assignment of error.  See id.  Accordingly, we overrule appellant’s first
issue.   

IV.  Legal and Factual
Sufficiency 

            In his second and third issues,
appellant challenges the legal and factual sufficiency of the evidence to
support his conviction.  Our
consideration of these challenges is governed by familiar standards of review. 

            In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the trier
of fact, “is the sole judge of the credibility of witnesses and of the strength
of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  If any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt, we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  The question is not whether a rational jury
could have entertained a reasonable doubt of guilt, but whether it necessarily
would have done so.  Swearingen v. State, 101 S.W.3d 89, 96 (Tex. Crim. App. 2003).

            When evaluating a challenge
to the factual sufficiency of the evidence, we view all the evidence without
the prism of “in the light most favorable to the prosecution” and set aside the
verdict only if it is “so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.”  Johnson v. State, 23 S.W.3d 1, 6–7 (Tex. Crim. App. 2000). 
This concept embraces both “formulations utilized in civil
jurisprudence, i.e., that evidence can be factually insufficient if (1) it is
so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding
is against the great weight and preponderance of the available evidence.”  Id. at
11.  Under this formulation, we
essentially compare the evidence which tends to prove the existence of a fact
with the evidence that tends to disprove that fact.  Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).  In conducting the
factual-sufficiency review, we must employ appropriate deference so that we do
not substitute our judgment for that of the fact finder.  Id. at
648.  Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility
given to any witness’s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  In
conducting a factual-sufficiency review, we must consider and address the
appellant’s main argument for a finding of insufficiency.  Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
This practice benefits the parties, maintains the integrity of the
justice system, and improves appellate practice.  Id.  We find the evidence factually insufficient
only when necessary to prevent manifest injustice.  Cain,
958 S.W.2d at 407.  

            When
reviewing the legal and factual sufficiency of the evidence, the standards of
review are the same for circumstantial and direct evidence.  Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).  Circumstantial evidence alone may be
sufficient to support the jury’s verdict. 
Id.

            Appellant contends the evidence is
legally and factually insufficient to prove he used Reverend Arrington’s truck
without consent.  In support of these
issues, appellant argues the State did not present any direct evidence that
appellant lacked Reverend Arrington’s consent. 
According to appellant, Reverend Arrington’s written prior inconsistent
statement, which was admissible only for impeachment purposes, was the only
evidence that appellant lacked Reverend Arrington’s consent to operate the
truck.  

            A person commits the offense of
unauthorized use of a motor vehicle if he intentionally or knowingly operates
another’s motor-propelled vehicle without the effective consent of the
owner.  Tex.
Pen. Code § 31.07(a).  As set
forth above, Reverend Arrington gave inconsistent testimony as to whether
appellant had permission to use his truck. 
Initially, he testified that appellant did not need permission to use
the truck on the day in question, and that appellant used the truck from
time-to-time to transport and sell vegetables. 
Later in his testimony, however, Reverend Arrington testified that he
did not know whether appellant had permission to use his truck at the time in
question.  

            Reverend Arrington testified that he
is 85 years old and has a bad memory.  On
cross-examination, Reverend Arrington admitted he reported to the police that
appellant had taken his truck without permission.  However, Reverend Arrington stated he
mistakenly made the police report because he had forgotten that he had given
appellant permission to use his truck. 

            The record shows that appellant
served as a deacon at St. Martinville Baptist Church,
where Reverend Arrington served as pastor. 
Appellant and Reverend Arrington also resided in the same
neighborhood.  During cross-examination,
Reverend Arrington testified that he did not want to bring charges against
appellant.  He also conceded that he is
very dependent on appellant and testified he was specifically dependent on
appellant for help selling Reverend Arrington’s produce, as well as for
transportation and for help making some financial decisions.  Reverend Arrington, however, stated that he
was not trying to protect appellant by providing favorable testimony.  

            Contrary to appellant’s argument
that the State presented no evidence that appellant lacked effective consent,
Officer Helms testified that Reverend Arrington told him appellant did not have
permission to use the truck.  Moreover,
according to Officer Helms, Reverend Arrington did not give any indication that
appellant had blanket permission to use the truck.  Officer Helms testified that Reverend
Arrington appeared to be of sound mind when he made the report.  Although upset at the time, Reverend
Arrington provided Officer Helms with a description of the truck and its
license-plate number.  Officer Helms
testified that Reverend Arrington said appellant had absconded in the truck in
the morning, but Reverend Arrington waited until evening to report the truck
stolen to the police because he wanted to give appellant the benefit of the
doubt. 

            In addition to Officer Helms’s testimony, Officer Quigley of the Hempstead Police
Department testified that Reverend Arrington reported the same truck stolen in Hempstead three days
after reporting the truck stolen to Officer Helms.  Officer Quigley testified that Reverend
Arrington was clear-headed when he made his report in Hempstead.  Reverend Arrington described his truck,
provided its license-plate number, and told Officer Quigley in detail about the
report he already had filed with Officer Helms in Grimes County.  Reverend Arrington also reported that he
believed the truck was parked in the parking lot of Brags, a Hempstead bar.  Officer Quigley agreed to investigate this
lead.  Soon after speaking with Reverend
Arrington, Officer Quigley saw appellant driving Reverend Arrington’s truck on
Highway 6.[2]  Officer Quigley initiated a traffic stop and
arrested appellant.

            It was the jury’s duty to resolve
conflicting evidence in this case.  See Anderson v. State, 701 S.W.2d 868,
872–73 (Tex. Crim. App. 1985); see also Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995) (“Reconciliation of
conflicts in the evidence is within the exclusive province of the jury”).  The jury had before it all of the relevant
information concerning whether appellant had permission to use Reverend
Arrington’s truck.  As fact finder, the
jury had the duty to determine the credibility of the witnesses’ testimony and
to decide the weight to be given the evidence. 
See Garza v. State, 633 S.W.2d
508, 514 (Tex. Crim. App. 1981); see also Carr v. State, 694 S.W.2d 123, 128 (Tex. App.—Houston
[14th Dist.] 1985, pet. ref’d).  Having carefully reviewed the record, we
conclude there is sufficient evidence in the record from which a rational jury
could have found beyond a reasonable doubt that appellant intentionally or
knowingly used Reverend Arrington’s truck without Reverend Arrington’s
effective consent.  Accordingly, we
reject appellant’s challenge to the legal sufficiency of the evidence and
overrule appellant’s second issue.  Moreover,
because the jury reasonably could have concluded from the testimony of Reverend
Arrington, Officer Helms, and Officer Quigley that appellant was using Reverend
Arrington’s truck without Reverend Arrington’s effective consent, we cannot say
the jury’s finding to that effect is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. 
Accordingly, we also reject appellant’s challenge to the factual
sufficiency of the evidence and overrule appellant’s third issue.  

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment.

 

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Substitute Memorandum Opinion filed December 11, 2003.

Panel
consists of Justices Yates, Hudson, and Frost.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











            [1]  The record shows Reverend Arrington was
elderly and in frail health at the time of trial.





            [2]  Officer Quigley testified that the truck was
motor-propelled.