Opinion issued November 10, 2005 



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00897-CR




MICHAEL MARSHALL HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 975860




MEMORANDUM OPINION

          Appellant, Michael Marshall Harris, pleaded guilty to the offense of aggravated
sexual assault of a person younger than fourteen years, without an agreed punishment
recommendation. Appellant requested that a pre-sentence investigation (PSI) be
conducted prior to his sentencing. After admonishing appellant, the trial court
accepted his guilty plea and reset his case for sentencing. Shortly thereafter,
appellant filed a motion to withdraw his guilty plea. The trial court denied the motion
to withdraw the plea, found appellant guilty, and assessed his punishment at 15 years’
confinement. In three issues, appellant argues that: (1) the court erred in proceeding
to a plea hearing without an indictment or a waiver of indictment; (2) he was denied
effective assistance of counsel; and (3) the trial court abused its discretion when it
denied appellant’s request to withdraw his guilty plea.
          We affirm.
Background 
          In January 2004, appellant was charged with the felony offense of aggravated
sexual assault of a person younger than fourteen years. The complainant was
appellant’s five-year-old daughter. Appellant was indicated in April 2004. In June
2004, appellant entered a guilty plea. The trial court admonished him, entered the
plea documents into the court’s record, deferred finding him guilty until a PSI had
been concluded, and reset his case for sentencing. Prior to the sentencing hearing,
appellant’s trial counsel filed both a motion to withdraw appellant’s plea and a
motion to withdraw as appellant’s counsel. 
          At the sentencing hearing, the trial court addressed appellant’s motion to
withdraw his guilty plea. Appellant testified that his guilty plea should be withdrawn
because he was innocent of the crime. On cross-examination, appellant admitted that
he had been admonished by the trial court prior to his guilty plea. He agreed that the
trial court explained that (1) he did not have to plead guilty; (2) he was subject to the
full range of punishment; and (3) he had the right to a jury trial. The trial court then
asked appellant why he pleaded guilty despite the admonishments. Appellant
responded that his attorney and the assistant district attorney had asked him, “would
I prefer to go to trial or would I prefer probation, and I told them probation. And they
said the only way I could receive probation was with a PSI investigation and my
lawyer said that I had to plead guilty to receive the PSI investigation; so, I agreed to
plead guilty.” The trial court then asked appellant if he remembered being told that
there was no guarantee he would receive probation. Appellant stated that he
remembered, but that he pleaded guilty anyway. The trial court denied the motion to
withdraw appellant’s guilty plea and assessed his punishment. This appeal followed.
Analysis
Indictment
          In his first issue, appellant argues that the trial court did not have jurisdiction
to accept his guilty plea or to pronounce a punishment because appellant was never
indicted on the charges, nor did he waive his right to an indictment as required by the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 1.141
(Vernon Supp. 2005). 
          The record before us contains a supplemental clerk’s record which includes an
indictment against appellant.


 The record shows that appellant was indicted for
aggravated sexual assault of a person younger than fourteen years of age on April 14,
2004. Because an indictment existed at the time of his plea, no waiver was necessary.
See Carr v. State, 694 S.W.2d 123, 129 (Tex. App.—Houston [14th Dist.] 1985, pet.
ref’d). 
          We overrule appellant’s first issue.
Ineffective Assistance of Counsel
          In his second issue, appellant claims that he was denied effective assistance of
counsel because his trial counsel (1) improperly advised him, leading to his guilty
plea and (2) failed to adequately investigate the charges against him.
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. 466 U.S. at 688, 104 S. Ct. at 2065;
McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). Second, the
defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. This
requires the defendant to show that there is a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. 466 U.S. at 694, 104 S. Ct. at 2068.   An appellant bears the burden of
proving by a preponderance of the evidence that counsel was ineffective. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          A reviewing court must presume that counsel’s actions were taken as part of
a strategic plan for representing the client. See Young v. State, 991 S.W.2d 835, 837
(Tex. Crim. App. 1999). The appellant must overcome the presumption that his trial
counsel’s strategy was sound, and he must affirmatively demonstrate the alleged
ineffective assistance of counsel. See Rylander v. State, 101 S.W.3d 107, 109–10
(Tex. Crim. App. 2003); Thompson, 9 S.W.3d at 813. It is rare that a record on direct
appeal will be sufficient either to establish that counsel’s representation was so
deficient, so unreasonable, or so lacking in strategic decision-making to overcome the
presumption that counsel was reasonable and professional. See Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002); Bone v. State, 77 S.W.3d 828, 834 (Tex.
Crim. App. 2002); Thompson, 9 S.W.3d at 813–14.
          Appellant had the burden of demonstrating from the record that his guilty plea
was a result of his counsel’s ineffectiveness. The record before this Court contains
appellant’s signed and initialed statement that his plea was knowing and voluntary. 
It also contains a transcript of the hearing in which appellant testified in response to
his counsel’s and the trial court’s questions, that he wished to withdraw his plea
because he was innocent. Appellant did not file a motion for new trial challenging
his trial counsel’s actions. There is nothing in the record that supports appellant’s
contentions that his counsel’s performance deviated from professional norms. 
Therefore, appellant did not satisfy his burden of proving the first prong of
Strickland. See Strickland, 466 U.S. at 688, 104 S. Ct. at 2064–65.
          We overrule appellant’s second issue.
Withdrawal of Guilty Plea
          In his third issue, appellant argues that the trial court erred by denying his
motion to withdraw his guilty plea.  
          A defendant, as a matter of right, may withdraw his guilty plea at any time until
a judgment has been pronounced or the case has been taken under advisement. 
Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); State v. Ellis, 976
S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1998, no pet.). The case is taken
under advisement after the trial court admonishes the defendant, receives a guilty plea
and evidence, and resets the case for a PSI. See Coronado v. State, 25 S.W.3d 806,
809 (Tex. App.—Waco 2000, pet. ref’d); Watson v. State, 974 S.W.2d 763, 765 (Tex.
App.—San Antonio 1998, pet. ref’d); Rivera v. State, 952 S.W.2d 34, 35–36 (Tex.
App.—San Antonio 1997, no pet.). If the defendant moves to withdraw his guilty
plea after the trial court has taken the case under advisement, withdrawal of the plea
is within the sound discretion of the trial court, and we will reverse only if the trial
court abused its discretion. Jackson, 590 S.W.2d at 515; Moreno v. State, 90 S.W.3d
887, 889 (Tex. App.—San Antonio 2002, no pet.). 
          Appellant filed his motion to withdraw his plea after the trial court admonished
him, accepted his plea papers, reset his case for a sentencing hearing after preparation
of a PSI, took the case under advisement, held the sentencing hearing, and questioned
appellant again about the voluntariness of his plea. We conclude that the record
contains no evidence that the trial court abused its discretion by denying appellant’s
motion.
          We overrule appellant’s third issue.Conclusion
          We affirm the judgment of the trial court.

 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).