# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 78

APRIL TERM, A.D. 2025

July 17, 2025

MICHAEL ISREAL ROBIN, SR.,

Appellant
(Defendant),

v.

S-25-0055

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Robin S. Cooley, Judge

*Representing Appellant:*
Brandon T. Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Leanne J. Johnston, Assistant Attorney General.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, JJ., and CASTANO, District Judge.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**CASTANO, District Judge.**

[¶1]    On November 19, 2024, a jury convicted Michael Isreal Robin, Senior (Mr. Robin), of various counts including theft of a vehicle, possession of cocaine, property destruction, possession of methamphetamine, and possession of marijuana.  The conviction for theft of a vehicle is the only issue on appeal.  The other convictions are not in dispute.  Mr. Robin asserts the State of Wyoming presented insufficient evidence to show he exercised control of the vehicle without authorization from the owner of the vehicle.  We affirm.

**ISSUE**

[¶2]    The issue on appeal is whether the trial court erred in denying Mr. Robin's motion for a judgment of acquittal pursuant to Rule 29 of the Wyoming Rules of Criminal Procedure asserting that the State failed to present sufficient evidence to the jury for them to convict Mr. Robin of theft of a vehicle?

**FACTS**

[¶3]    Although the jury convicted and acquitted Mr. Robin of other counts, only facts pertaining to the conviction of theft of a vehicle will be addressed as this is the only issue on appeal.  On April 24, 2024, law enforcement officers were looking for the type of vehicle Mr. Robin was driving after receiving information from one of the victims of an alleged aggravated assault with a deadly weapon.  On April 25, the officers located the vehicle, a Nissan Altima, parked in the 1400 block of East Pershing in Cheyenne.  The officers surveilled the vehicle for a few hours until they saw Mr. Robin exit a residence, get into the Nissan Altima, and drive away.  The officers followed Mr. Robin and attempted to make a traffic stop for expired registration tags.  When the officers turned on their emergency lights, Mr. Robin took off at a high rate of speed.  Mr. Robin traveled south on Logan past Lincolnway and continued driving south until he hit the back end of a car also traveling south.  Upon hitting the car, Mr. Robin exited the vehicle and ran on foot before he was apprehended in the 600 block of Alexander Avenue.

[¶4]    The State charged Mr. Robin with various offenses, totaling eight counts, one of the counts being felony theft of the Nissan Altima.  The district court held a two-day jury trial in November 2024.  At trial, the State called two witnesses to testify about the theft of the vehicle, the investigating officer, Abraham Maljian, and the owner of the vehicle, Gloria Landeroz.  Officer Maljian testified about surveilling Mr. Robin, the events leading up to the high-speed car chase on April 25, 2024, and finally how officers apprehended Mr. Robin.  Officer Maljian also stated he contacted Ms. Landeroz on April 26, 2024, and informed her that Mr. Robin had crashed her car.  Ms. Landeroz testified about her relationship with Mr. Robin and discussed how she had previously loaned Mr. Robin her vehicle.  Ms. Landeroz stated she had loaned it to Mr. Robin around the time of the car crash the "day before" law enforcement called her.  She later clarified that she let Mr. Robin

use the vehicle the day before the car crash, but he was supposed to have returned it. Ms. Landeroz was not sure whether Mr. Robin was supposed to have returned the car on April 25, but testified he should have returned her vehicle prior to when he wrecked it. Ms. Landeroz further stated the estimated value of the Nissan Altima to be $6,000.00.

[¶5]    Once the State rested their case in chief, Mr. Robin moved for a judgment of acquittal pursuant to Rule 29 of the Wyoming Rules of Criminal Procedure. Most of Mr. Robin's motion centered around the aggravated assault and battery charges as opposed to the accusation of theft of a vehicle. Mr. Robin briefly argued that the elements of theft of a vehicle were not satisfied, asserting Ms. Landeroz testified she gave him permission to use the vehicle during the time frames in question. The district court denied Mr. Robin's motion. Mr. Robin did not present a case in chief. Among other counts, the jury found Mr. Robin guilty as to the crime of theft of a vehicle. On January 6, 2025, Mr. Robin was sentenced to serve four to six years of incarceration. Mr. Robin timely filed this appeal challenging his conviction of theft of a vehicle.

## STANDARD OF REVIEW

[¶6]    In an appellate review of whether the State presented sufficient evidence to the jury to sustain a conviction:

> [w]e assume that the State's evidence is true, disregard any evidence favoring the defendant, and give the State the benefit of every favorable inference that may reasonably be drawn from the evidence. After examining the State's evidence, whether direct or circumstantial, we do not substitute our judgment for that of the jury, but instead, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. Furthermore, we defer to the jury as the fact-finder, and assume the jury believed only the evidence adverse to the defendant since they found the defendant guilty beyond a reasonable doubt. Ultimately, our standard of review is not whether the evidence is sufficient for us, but whether, when viewed favorably to the state, it was enough on which a jury could form a reasonable inference of guilt beyond a reasonable doubt.

*Hultberg v. State*, 2024 WY 59, ¶ 12, 549 P.3d 759, 761 (Wyo. 2024) (quoting *Kobielusz v. State*, 2024 WY 10, ¶ 22, 541 P.3d 1101, 1107–08 (Wyo. 2024)).

## DISCUSSION

[¶7]    The State charged Mr. Robin with one count of theft of a vehicle in violation of Wyoming Statute Annotated § 6-3-402(a)(i)(c)(i) (2025).[1]  The statute reads as follows:

>       (a) A person is guilty of theft if he knowingly takes, obtains, procures, retains or exercises control over or makes an unauthorized transfer of an interest in the property of another person without authorization or by threat or by deception, or he receives, loans money by pawn or pledge on or disposes of the property of another person that he knew or reasonably should have known was stolen, and he:
>           (i) Intends to deprive the other person of the use or benefit of the property;
>       (c) Except as provided in subsections (g) and (j) of this section, theft is:
>           (i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is one thousand dollars ($1,000.00) or more or if the property is a firearm, horse, mule, sheep, cattle, buffalo or swine regardless of value[.]

Wyo. Stat. Ann. § 6-3-402.

[¶8]    Mr. Robin argues the State did not present sufficient evidence to show that he used Ms. Landeroz's vehicle "without authorization," an element of theft that must be proven beyond a reasonable doubt under § 6-3-402(a)(i).  Mr. Robin specifically argues in his brief, and motion for judgement of acquittal, that no reasonable jury could find he was not authorized to use Ms. Landeroz's vehicle on April 25, 2024, the day he was apprehended.  Mr. Robin relies on Ms. Landeroz's testimony when she stated that he had permission "the day before" law enforcement called her about the high-speed chase, which was April 25.  Since he was given permission to use Ms. Landeroz's vehicle, Mr. Robin contends the State should have charged him with property destruction instead of theft.

[¶9]    The State disputes Mr. Robin's argument asserting there was sufficient evidence presented at trial that Ms. Landeroz did not authorize Mr. Robin to exercise control over her vehicle when he sped away from the police.  On direct examination, Ms. Landeroz testified that the day before Mr. Robin was arrested after crashing her vehicle, Mr. Robin

---

[1] In addition to being charged with one count of felony theft, the State charged Mr. Robin with aggravated assault and battery against N.B., another count for aggravated assault and battery against C.V.G., possession of cocaine, property destruction of less than $1,000.00, possession of methamphetamine, possession of marijuana, and due to Mr. Robin's prior criminal history, he was charged under Wyo. Stat. Ann. § 6-10-201(a)(b)(ii) (2025) as a habitual criminal.

did have permission to use the vehicle, but the vehicle was to have been returned to her "that night." Throughout Ms. Landeroz's testimony she indicated she was "not good with dates" and she has "a really bad memory" due in part to some medical conditions stemming from her past. When asked to remember whether she gave Mr. Robin permission to use her vehicle on April 25, Ms. Landeroz testified "I'm not going to tell you it was the 25th" and continued to state, "I don't know if it was the 25th." Even though Ms. Landeroz could not recall the exact date, she stated on more than one occasion that she did not give Mr. Robin permission to use her vehicle the day he crashed it.

[¶10] As cited above, the standard of review is not "whether the evidence is sufficient for us, but whether, when viewed favorably to the state, it was enough on which a jury could form a reasonable inference of guilt beyond a reasonable doubt." *Hultberg*, ¶ 12, 549 P.3d at 761. Similar to the case before us, the State relies on the Texas Court of Appeals' analysis on "whether there was sufficient evidence to support the jury's conclusion that Cration used the victim's truck without the victim's consent." *Cration v. State*, No. 14-02-00393-CR, 2003 WL 22908133 (Tex. App. Dec. 11, 2003). During that trial, the victim testified "he would allow Cration to use his truck but had a bad memory and could not recall the specific day he gave Cration permission." *Id*. at 3-4. The *Cration* court explained that as the finders of fact, "the jury had the duty to determine the credibility of the witnesses' testimony and to decide the weight to be given the evidence." *See Garza v. State*, 633 S.W.2d 508, 514 (Tex. Crim. App. 1981); *see also Carr v. State*, 694 S.W.2d 123, 128 (Tex. App.-Houston (14th Dist.) 1985, pet. ref'd). The court further concluded "there is sufficient evidence in the record from which a rational jury could have found beyond a reasonable doubt that appellant intentionally or knowingly used [the victim's] truck without [his] effective consent." *Cration*, 2003 WL at 4.

[¶11] In comparing the testimony in *Cration* with Ms. Landeroz's testimony, Ms. Landeroz struggled to remember the exact date or dates she granted Mr. Robin permission to use her Nissan Altima. *Id*. However, when asked if she expanded the period for Mr. Robin to use the vehicle beyond that single day she stated "I did not extend it at all." Finally, Ms. Landeroz testified "the day he wrecked it I had not talked to him and it should have already been at my house, so, no, that day that he wrecked it he did not have permission." Assuming all of the State's evidence to be true while disregarding any evidence favoring Mr. Robin and extending to the State every favorable inference reasonably drawn from the evidence, Ms. Landeroz's testimony provides ample evidence for the jury to conclude that she had not given Mr. Robin permission to use her vehicle at the time of his arrest and that Mr. Robin should be found guilty of violating Wyo. Stat. Ann. § 6-3-402(a)(i)(c)(i).

## CONCLUSION

[¶12] There was sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt Mr. Robin violated § 6-3-402(a)(i)(c)(i).

4

[¶13]   Affirmed.